IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMMONWEALTH INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § | CIVIL ACTION NO. _____ |
| TRINIDAD DRILLING LIMITED PARTNERSHIP and TRINIDAD DRILLING, LLC. and HEATH WRIGHT | § § § § § | |
| Defendants. | § | |

### PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff, Commonwealth Insurance Company, files this Complaint seeking a declaratory judgment, and in support respectfully shows the Court as follows:

### I. Parties

1.  Commonwealth is a corporation organized under the laws of British Columbia, Canada, with its principal place of business in Vancouver, British Columbia. Commonwealth is a citizen of a foreign state. Commonwealth is not a citizen of the State of Texas.

2.  Trinidad Drilling Limited Partnership is a limited partnership organized under the laws of the State of Delaware. Its principal place of business is in Spring, Texas. Trinidad Drilling USA Ltd. is the limited partner of Trinidad Drilling Limited Partnership. Trinidad Drilling USA Ltd. is a Delaware corporation with its principal place of business in Texas. Trinidad Drilling LLC is the general partner of Trinidad Drilling Limited Partnership. Trinidad Drilling LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Texas. Trinidad Drilling Limited Partnership may be served with the

**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT** – Page 1

summons and complaint in this action by service on its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Trinidad Drilling LLC is a Delaware limited liability company with its principal place of business in the State of Texas. Trinidad Drilling LLC may be served with the summons and complaint in this action by service on its registered agent for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Heath Wright is an individual citizen of the State of Oklahoma. He may be served with the summons and complaint at 405 N. 13th Street, Woodward, Oklahoma, 73801, or wherever he may be found.

## II. Jurisdiction

5. The Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(2) and/or (3) because the action is between citizens of Delaware and Texas as defendants and a citizen of a foreign state, Canada, as the plaintiff. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. The Court has personal jurisdiction over the Trinidad Defendants because they are residents and citizens of the State of Texas, because the underlying accident for which coverage is sought happened in Texas, and because the policy would be payable to citizens of the State of Texas, to wit, the Trinidad Defendants.

7. The Court has personal jurisdiction over Mr. Wright because the underlying facts for which the Trinidad Defendants seek coverage arise from and are directly related to Wright's contacts with the State of Texas. He traveled to Texas to work for Trinidad Drilling Limited Partnership, the accident and injuries to Mr. Wright for which the Trinidad Defendants seek

coverage occurred in the State of Texas, and Mr. Wright was able to elect workers' compensation benefits under the Texas Workers' Comp system.[1]

### III. Venue

8. Venue is proper in this Court under 28 U.S.C. § 1391(a)(3), as the Trinidad Defendants are subject to personal jurisdiction in this District at the time the action is commenced.

### IV. Facts

9. Commonwealth brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

10. This action arises from an underlying personal injury lawsuit styled *Wright v. Trinidad Drilling, LP*, Case No. CV-09-00840-HE, pending in the U.S. District Court for the Western District of Oklahoma. There, the plaintiffs allege that Heath Wright was seriously and permanently injured on November 26, 2007, when he, while an employee of the Trinidad Defendants, was assisting in the unpinning and extension of a telescoping mast for a Quicksilver Drilling System land drilling rig.

11. Wright further alleges that his supervisor ordered him to climb into the mast and hammer out the retaining pins with a sledgehammer to facilitate the extension of the center section. He claims that after he hammered out the last pin, the center mast fell on him, causing serious, permanent, life-threatening injuries. He alleges that the actions of the Trinidad defendants in, among other things, improperly telescoping the drilling rig and directing him to go inside the mast were of such a nature that it was substantially certain that an injury would result from such actions. He alleges that due to the nature of the actions of the Trinidad defendants, they are not allowed the exclusive remedy protections of the Oklahoma Workers Compensation law, 85 OKLA. STAT. § 1, et seq. He further alleges that the acts and omissions of the Trinidad

---

[1] He instead elected to receive benefits under the Oklahoma Workers' Compensation system.

**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT – Page** 3

Defendants were of such a magnitude to justify the imposition of punitive damages. His claim sounds solely in intentional tort. His wife's claim for loss of consortium also sounds exclusively in intentional tort.

12. He further seeks recovery of damages for physical pain and suffering, past and future; mental pain and suffering, past and future; permanent injuries of a severe nature; physical impairment; disfigurement; loss of earnings; diminished earning capacity; medical costs for care, treatment, and service, past and future; all other damages that the court deems proper; and recovery of pre- and post-judgment interest, attorneys fees costs, and all other appropriate relief.

13. Underlying Plaintiff Megen Wright claims to be the spouse of Heath Wright. She sues for loss of consortium, loss of earnings and continued loss of earnings, all other damages that the court deems proper; and recovery of pre- and post-judgment interest, attorneys' fees costs, and all other appropriate relief.

14. The incident at issue occurred in the State of Texas. Plaintiff Heath Wright was and is a resident of the State of Oklahoma. Wright could have elected benefits under the Texas Workers Compensation system. Instead, he elected benefits under the workers compensation law of the State of Oklahoma.

15. The Trinidad defendants had in place Policy number WC 720-91-15 issued by American Home Assurance Company (AHAC) for the policy term of March 31, 2007 to March 31, 2008. The AHAC policy provided workers compensation to Mr. Wright pursuant to Part One – Workers Compensation Insurance. The AHAC policy further provides Part Two – Employers Liability Insurance.

16. The Trinidad defendants had in place Commonwealth comprehensive general liability (CGL) policy number CRX 60564 from June 15, 2007 to June 15, 2008.

17.     The Trinidad defendants had in place Commonwealth umbrella liability policy number CRX 60565 from June 15, 2007 to June 15, 2008.

18.     The Trinidad defendants have demanded defense and indemnity from the AHAC employers' liability policy, the Commonwealth CGL policy and the Commonwealth umbrella policy for the intentional torts asserted by the Wrights in their lawsuit outside the workers compensation benefits already received from AHAC for Mr. Wright's on the job injury.

### V.  Causes of Action for Declaratory Relief

19.     The Trinidad defendants have demanded that Commonwealth defend the Wrights' lawsuit and further demanded that Commonwealth pay in settlement of the Wrights' claims an amount exceeding $75,000.00 exclusive of interest and costs.  Commonwealth disputes that there is coverage under the Commonwealth policies for defense or indemnity for settlement or for any judgment that one or more of the Wrights may recover against either or both of the Trinidad defendants in the underlying action.  There is therefore a ripe case or controversy under the Constitution of the United States and under the Federal Declaratory Judgments Act.

20.     Commonwealth seeks a judicial declaration that it has no duty to defend and for the same reasons no duty to indemnify for any settlement in connection with the *Wright* lawsuit or any judgment that the Wright plaintiffs may recover against the Trinidad Defendants in the underlying action.  Heath Wright is a potential judgment creditor of the Trinidad Defendants and thus is a proper party to this action.

   **a.     No Occurrence under CGL or Umbrella Policies**

21.     The Commonwealth CGL policy states:

*INSURING AGREEMENTS*

*The Insurer agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages.*

> *1. PERSONAL INJURY LIABILITY*
> *Because of Personal Injury sustained by any person or persons during the Policy Period.*

22. Further, the Commonwealth policy contains applicable exclusions for the Wrights' intentional tort claims as follows:

> *EXCLUSIONS*
>
> *This Policy DOES NOT apply to:*
>
> *1. Fine or penalties, for which the Insured is liable by reason of failure to comply with any statute, rule or regulation.*
>
> *2. Any obligation for which the Insured or any company as its Insurer may be held liable under any worker's compensation, unemployment compensation or disability benefits law; provided, however, that this exclusion does not apply to liability of others assumed by the Named Insured under contract or agreement.*
> *\*\**
> *4. Personal injury as defined under Definition 4 (a) caused intentionally by or at the direction of the Insured except when caused to protect persons or property; however, this exclusion shall not apply to any insured who neither sanctioned, nor had knowledge of, nor was a party to the causing of such Personal Injury.*
> *\*\**

23. The CGL policy provides the following definitions:

> *3. OCCURRENCE*
> *(a) With respect to Bodily Injury [Definition 4(a)] and Property Damage, the terms "Occurrence" means an accident, happening or event, including continuous or repeated exposure to conditions, which results during the Policy Period in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the Insured.*
>
> *4. PERSONAL INJURY*
> *The term "Personal Injury" wherever used in this Policy shall mean:*
> *(a) Bodily injury, mental anguish, shock, sickness or disease, including death, care and loss of services at any time resulting therefrom, or….*

24. The CGL policy contains Endorsement L-12A for United States Employers Liability Exclusion Limited Form that states:

> *IT IS HEREBY UNDERSTOOD AND AGREED that:*

**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT – Page** 6

> *In respect of any employee of the Insured domiciled in the United States of America, its territories or possessions, this Policy DOES NOT cover Personal Injury to:*
>
> *1. An employee or leased employee of the Insured arising out of and in the course of employment by the Insured or performing duties relating to the conduct of the Insured's business; or*
>
> *2. The spouse, child, parent, brother or sister of that employee or leased employee as a consequence of (1) above.*
>
> *This Exclusion applies:*
>
> *1. Whether the Insured may be liable as an employer or in any other capacity; and*
> *2. To any obligation to share damages with or repay someone else who must pay damages because of the injury.*

25. The Commonwealth CGL policy does not cover the Wrights' intentional tort claim in the underlying lawsuit. The only claim asserted by the Wrights is their intentional tort claim falling outside the workers compensation claim, as alleged by the Wrights in their lawsuit. Because the allegations and cause of action sound in intentional tort alone, there is no "occurrence," and the intentional injury exclusion applies because the allegation of intentional tort based on "substantial certainty of injury" is neither unexpected nor unintended.

26. Moreover, the CGL policy contains an applicable exclusion for workers compensation since it is alleged in the Wright complaint that he has obtained workers compensation for his employment related injuries. The CGL employers' liability exclusion further applies because Wright was injured in the course and scope of his employment.

27. In the umbrella policy's Insuring Agreements section, Commonwealth agreed to pay, as stated, for bodily injury caused by an "occurrence." The policy defines "occurrence" as follows:

> *With respect to Bodily Injury [Definition 5(a)],[2] Property Damage or Advertising Liability, the term "Occurrence" means an accident, happening or*

---

[2] Definition 5 (a) defines "personal injury" as "[b]odily injury, mental injury, mental anguish, shock, sickness, disability or disease including death, care and loss of services, at any time resulting therefrom . . . ."

**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT – Page** 7

> *event, including continuous or repeated exposure to conditions, which results during the Policy Period in Bodily Injury or Property Damage neither expected nor intended from the standpoint of the Insured.*

28. The bodily injury for which the Wrights seek damages was not caused by an occurrence because the Wrights allege that the Trinidad defendants' actions were of such a nature that it was substantially certain that an injury would result from such actions. Substantial certainty of injury is not an accident, happening or event, neither unexpected nor unintended from the standpoint of the Insured. The Wrights' injuries therefore do not come within coverage of the policy, and there is therefore no coverage.

### b. Workers Compensation Exclusion

29. The policy contains the following applicable exclusions:

> *1. This Policy SHALL NOT apply to:*
>
> *(a) Any obligation for which the Insured or any company as its Insurer may be held liable under any worker's compensation, unemployment compensation or disability benefits law . . . .*

Because Wright's injuries are an obligation for which the Insured or any company as its insurer may be held liable under any worker's compensation law, coverage for the underlying plaintiffs' injuries is excluded under the policy.

### c. Intentional Acts Exclusion

The policy contains the following exclusion:

30. *This policy SHALL NOT apply to:*

> *. . .*
>
> *(m) Personal injury as defined under Definition 5 (a) caused intentionally by or at the direction of the insured except when caused to protect persons or property . . . .*

Wright alleges that the Trinidad Defendants' actions were of such a nature that it was substantially certain that an injury would result from such actions. Substantial certainty of injury is injury caused intentionally by or at the direction of the insured within the meaning of the policy and applicable law. Coverage for the Wright plaintiffs' injuries is therefore excluded under the policy.

### d.   Employers Liability Exclusions

31.  The policy contains the following employers' liability exclusions:

> *2.  This Policy SHALL NOT apply to, except insofar as coverage is available to the Insured in the underlying insurance as set out in the Declarations, and then not for broader coverage than is afforded by such underlying insurance:*
>
> *. . .*
>
> *(w)  Any employee with respect to injury or to or the death of another employee of the same employer injured in the course of such employment;*
>
> *(x)  Personal injury to any employee of the Insured arising out of and in the course of employment by the Insured[.]*

32.  Both Trinidad defendants are sued as the employer of Mr. Wright. Both defendants are sued for intentional tort arising out of Mr. Wright's employment for both defendants. The Wrights' claims are excluded by the foregoing exclusions.

33.  The policy contains the following provision, entitled EMPLOYERS' LIABILITY—COMMON LAW DEFENSES:

> *As a condition to the recovery of any loss under this Policy, with respect to personal injury to or the death of any employee arising out of and in the course of employment by the Named Insured, the Named Insured warrants that it has not and will not abrogate its common law defense under any workers' compensation or occupational disease law by rejection thereof, or otherwise. In the event the Named Insured should, at any time during the policy period, abrogate such defense, such insurance as is afforded with respect to such employee shall automatically terminate at the same time.*

34. To the extent that one or more of the Trinidad defendants have abrogated common law defenses as stated above, a condition to the recovery of any loss under the policy has failed, and any such insurance automatically terminated as stated above.

### e. Punitive Damages Exclusion

35. The policy contains an exclusion for punitive damages:

> 2. *This Policy SHALL NOT apply to, except insofar as coverage is available to the Insured in the underlying insurance as set out in the Declarations, and then not for broader coverage than is afforded by such underlying insurance:*
>
> *. . .*
>
> *(y) Punitive or exemplary damages.*

36. The Wrights claim for punitive or exemplary damages is excluded by the foregoing exclusion.

37. The Commonwealth umbrella policy contains Endorsement No. 11 for U. S. Employers' Liability and Stop-Gap Follow Form Endorsement that states:

> *IT IS HEREBY UNDERSTOOD AND AGREED that:*
>
> *This Policy SHALL NOT cover Personal Injury including Bodily Injury to any employee of any Insured under this Policy domiciled in the United States of America for which the Insured or his Indemnitee may be held liable unless such liability is covered by valid and collectible Employers Liability or Stop-Gap Coverage as set out in Item 8, Schedule of Underlying Insurance and then only for such hazards for which coverage is afforded under said underlying insurance. The Insurer shall be liable only for the ultimate net loss in excess of the limit of said underlying insurance and any other underlying insurance, and then only for a further sum as stated hereunder, which sum shall be the limit of the Insurer's Liability. The limit of the Insurer's Liability hereunder shall be part of, and not in addition to the limit stated in the Declarations.*

38.     The AHAC policy provides Part One for Workers Compensation and Part Two for Employers Liability. The Wrights have been receiving workers compensation for many months. The AHAC policy provides under Who Is Insured on page 1 of 7 that:

> *You* (Trinidad Drilling LP) *are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.*

39.     The AHAC policy states in Part Two for Employers Liability that:

> *This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.*
>
> *1. The bodily injury must arise out of and in the course of the injured employee's employment by you.*

40.     The AHAC policy contains the following exclusions:

> *This insurance does not cover:*
>
> *2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;*
>
> *3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers.*
>
> *4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;*
>
> *5. bodily injury intentionally caused or aggravated by you;*
> *\**
> *11. fines or penalties imposed for violation of federal or state law.*
> *\**
> *13. bodily injury to an employee when you are deprived of common law defenses or are subject to penalty because of your failure to secure your obligation under the workers compensation law of any state shown in the Schedule or otherwise fail to comply with that law.* (See Employers Liability Coverage Endorsement for Exclusion 13).

41.     The AHAC policy contains a Texas Amendatory Endorsement that states

> *B. Who Is Insured is amended to read:*

**PLAINTIFF'S COMPLAINT SEEKING DECLARATORY JUDGMENT – Page** 11

*You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership or joint venture, and if you are one of its partners or members, you are insured, but only in your capacity as an employer of the partnership's or joint venture's employees.*
*\**
*Sections 2 and 3 are amended to add:*

*This exclusion does not apply unless the violation of law caused or contributed to the bodily injury.*

42.     The AHAC and Commonwealth policies do not cover the Wrights' claims because they are not based on an "accident" or occurrence.  The Wrights' claims are further excluded by the workers compensation exclusion because the Trinidad Defendants were subscribers, and the Wrights received workers compensation.  The Wrights' claims are excluded by the intentional injury exclusion.  The Wrights' claims are excluded by the punitive damages exclusions.  The Wrights' claims are excluded because the Trinidad Defendants have allegedly waived their common law defenses.  The Wrights' claim intentional tort claims against the Trinidad defendants.  As such the Trinidad defendants have been deprived of the common law defense of comparative responsibility.

## VI.  Conclusion

43.     For the foregoing reasons, Commonwealth seeks a declaration that there is no coverage under the Commonwealth policy for the Wright plaintiffs' claims in the underlying action.

WHEREFORE, Commonwealth prays for a judicial declaration that it has no duty to defend or indemnify the Trinidad Defendants for any defense or settlement in connection with, or judgment taken against them in, the underlying *Wright* lawsuit.  Commonwealth further prays for a judicial declaration that it has no obligation to indemnify Heath Wright for any judgment he may obtain against the Trinidad Defendants in the underlying lawsuit.  Commonwealth further prays that it recover costs of court and for general relief.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*
Camille Johnson, attorney-in-charge
State Bar No. 10686600
S.D. Tex. Bar No. 16414
6440 N. Central Expressway, Suite 107
Dallas, Texas  75206
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: camille@ssjmlaw.com

Of Counsel:

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

William A. Reece
State Bar No. 16672990
S.D. Tex. Bar No. 573328
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-964
Email:  breece@ssjmlaw.com